## Stoner *v.* Honse, Appellant.

*Appeals—Review—Charge—Evidence.*

The appellate court will not review a case which was submitted without argument upon the charge of the court, which involved no question of law, and which was fairly submitted to the jury.

Argued May 3, 1905. Appeal, No. 185, April T., 1905, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1902, No. 626, on verdict for plaintiff in case of Hannah J. Stoner, Executrix of E. M. Stoner, v. J. M. Honse. Before BEAVER, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for work and labor done. Before COLLIER, P. J.

The court charged as follows :

The learned counsel submit this case without argument, and I will try and state to you just what is before you. It is a dispute about the balance of an account, for about $300, that it is alleged the plaintiff owes to the plaintiff's administratrix.

The plaintiff, Mr. Stoner, is dead, and his administratrix, the widow, that you see here, is substituted in his place. That being the case, neither she nor the defendant can be witnesses, and it is for that reason that this apparently outside evidence has been offered.

By the papers in the case, the plaintiff has made out a case for about $300—or the amount that will be given to you. The items and all that, are not disputed, and the balance, according to the papers, when the plaintiff was alive, appears on the surface, prima facie to be about $300 due him.

The defendant says that that statement is not correct, that he has paid more money than he is credited with, and if the accounts are exactly examined and correctly investigated he has overpaid the plaintiff somewhere in the neighborhood of $400. He offers these receipts to show you that he has paid outside of what is given in the plaintiff's claim, that this is outside of it, and that it overcomes the $300 and leaves him, the defendant, a balance. Now you will have to determine that.

The counsel will give you statements. [The receipts will go out with you, and you will investigate whether they apply. If they apply on the account, outside of what the plaintiff has allowed, then you will give the defendant credit for them.] [3] .

If that credit comes to more than the $300 claimed by the plaintiff, you certify the difference, if any, to the defendant.

Verdict and judgment for plaintiff for $310.53. Defendant appealed.

*Errors assigned* were (3) portions of charge quoted above ; and (4) " in not instructing the jury to take into consideration the books of original entry offered in evidence by defendant, and admitted by the court."

*John G. Silveus*, for appellant.

*Fred. W. Scott*, with him *J. R. McQuaide*, for appellee.

PER CURIAM, July 13, 1905 :
This case was tried in the court below and submitted without argument, upon the charge of the court. There are no

questions of law involved in it. They are those purely of fact and were fairly submitted to the jury.

Whether or not the receipts offered in evidence were for payments in addition to those admitted by the plaintiff was entirely for the jury.

The book in evidence was not one of original entries and had, therefore, no right to be considered by the jury as such.

The case, as a whole, was fairly tried and impartially submitted. We find no error of any kind in the record.

Judgment affirmed.